UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES AHRENDT, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:19-CV-4753 |
| | ) |
| ELI LILLY AND COMPANY, | ) |
| | ) |
|       Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, James Ahrendt ("Ahrendt"), by counsel, brings this action against Defendant, Eli Lilly and Company ("Defendant"), and shows as follows:

**OVERVIEW**

1. This is an employment discrimination action (disability) brought by Ahrendt against Defendant alleging that he was discriminated against because of one or more of his disabilities as protected by the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq. Ahrendt also alleges that he was retaliated against for previously filing a charge of discrimination against Defendant.

**PARTIES**

2. At all relevant times Ahrendt lived in Indiana or Colorado.

3. Defendant is a corporation that conducts business and maintains offices in Southern District of Indiana.

4. Ahrendt, at all times relevant, was an 'employee' as defined by 42 U.S.C.§12111(4). Moreover, Ahrendt is disabled as that term is defined by the ADA.

5. Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C §1331 and 42 U.S.C. §12117(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located herein.

8. Ahrendt properly exhausted his administrative remedies when he timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discriminated based on disability and retaliation. A notice of suit rights was issued, and Ahrendt now timely brings this Complaint.

## FACTUAL ALLEGATIONS

9. Ahrendt was hired by Defendant on or about October 14, 1991. Ahrendt began his career running machines that made medication. Within three months, he was transferred to the dock performing shipping and receiving work. Ahrendt also worked on Defendant's fire brigade.

10. Ahrendt suffers from mild retardation and perceptual brain dysfunction. He has concerns with remediation of speech, auditory perceptual symptoms, and difficulty with fine and gross motor skills. As a result, one of Ahrendt's former bosses would assign a mentor to work with him and help him with some of his job duties.

11. Ahrendt's wife has Multiple Sclerosis. To provide care for her, Ahrendt applied for FMLA leave beginning in March 2017.

12. In April 2017, Ahrendt suffered a serious burn. He was hospitalized for approximately thirty (30) days, and Defendant recognized this as a second qualifying serious health condition.

13. In June 2017, Defendant put Ahrendt on an extended leave of absence. Ahrednt later learned that he was considered separated as of May 2018. Defendant gave him a deadline to return to work – by applying for available positions with Defendant. It later accelerated thnis deadline to January 31, 2019.

14. Ahrendt applied for over 100 positions once he received notice that he had to return to Defendant or lose his employment status with Defendant. Of these positions, five were the position that Ahrendt previously performed. Each time, he was denied the open opportunity.

15. Upon information and belief, Ahrendt was denied one of these positions because he was not 'smart enough', a reference to his disability(ies).

16. In 26 years in his position, Ahrendt was rated as having low performance only twice.

17. Defendant ultimately offered Ahrendt a position, but after the deadline it gave him to retire and secure more favorable retirement benefits.

18. Ahrendt has been harmed by Defendant's conduct.

## LEGAL ALLEGATIONS

## VIOLATIONS OF THE ADA

19. Ahrendt incorporates by reference paragraphs one (1) through eighteen (18).

20. Defendant discriminated against Ahrendt by denying him for positions he was otherwise qualified for because of his disability(ies).

21. Ahrendt also contends he was retaliated against for previously engaging in activated protected by the ADA.

22. Ahrendt has been harmed by Defendant's conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, James Ahrendt, respectfully demands judgment against Defendant in his favor and requests that the Court grant the following relief:

a) An Order awarding Ahrendt the wages he lost and the value of the benefits he lost as a result of his unlawful termination;

b) An Order awarding Ahrendt compensatory and punitive damages for an intentional violation of his rights as provided for by the ADA;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        s/ Christopher S. Wolcott
        Christopher S. Wolcott (#23259-32)

        The Wolcott Law Firm LLC
        450 East 96th Street Suite 500
        Indianapolis, IN  46240
        Telephone  (317) 500-0700
        Facsimile   (317) 732-1196
        Email  indy2buck@hotmail.com

        Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

    Respectfully submitted,

    /s/ Christopher S. Wolcott
    Christopher S. Wolcott (#23259-32)

    The Wolcott Law Firm LLC
    450 East 96th Street Suite 500
    Indianapolis, IN  46240
    Telephone  (317) 500-0700
    Facsimile   (317) 732-1196
    Email   indy2buck@hotmail.com

    Attorney for Plaintiff